FILED
United States Court of Appeals
Tenth Circuit

January 18, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

WILLIAM D. GROSS,

      Defendant - Appellant.

No. 16-3302
(D.C. No. 5:15-CR-40012-CM-1)
(D. Kan.)

_____

ORDER AND JUDGMENT[*]

_____

Before **KELLY**, **O'BRIEN**, and **McHUGH**, Circuit Judges.

_____

William D. Gross pleaded guilty to one count of possession with intent to

distribute approximately fourteen grams of marijuana. As the parties had agreed in

his Fed. R. Crim. P. 11(c)(1)(C) plea agreement, he was sentenced to time served and

supervised release. Although the plea agreement contained an appeal waiver, he

appealed. The government has moved to enforce the appeal waiver under *United*

*States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Gross's counsel responded with a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that he could identify no non-frivolous argument to oppose the government's motion. We gave Mr. Gross the opportunity to respond to his counsel's submission, *see id.*, but two separate mailings to him at different addresses were returned to the court.[1] His pro se notice of appeal lists the following complaints: "Ineffective Assistance of Counsel/Duress/Coercion"; "Failure/Refus[]al to object/correct errors in PSR"; and "Involuntary Servitude on a TIME SERVED SENTENCE." R. Vol. 1 at 43.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Our independent review of the record, *see Anders*, 386 U.S. at 744, does not reveal any non-frivolous arguments regarding the waiver that can properly be decided on direct appeal.

First, we consider the scope of the waiver. *Hahn*, 359 F.3d at 1325. Mr. Gross's waiver is broad, covering "any matter in connection with this prosecution, his conviction, or the components of the sentence . . . including the length and conditions of supervised release." Mot. to Enforce, Attach. C at 5. In

---

[1] By letter from Mr. Gross received and filed by the Clerk of this Court on November 8, 2016, he supplied his mailing address. Both the Clerk of this Court and appointed counsel sent notices to that address. They were returned as undeliverable. Any failure of notice results from Mr. Gross's failure to keep this Court advised of changes in his address as he is required to do.

addition, he specifically "waive[d] any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C)." *Id.* This waiver covers any arguments Mr. Gross might want to make about objections to the pre-sentence report and the propriety of a time-served sentence. And although the waiver specifically excludes claims of ineffective assistance of counsel, *see id.*, it has long been the rule that ineffective-assistance claims generally should be raised in collateral proceedings under 28 U.S.C. § 2255, *see United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1327 n.13.

We next consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, we generally examine the language of the plea agreement and the adequacy of the Fed. R. Crim. P. 11 plea colloquy. *Id.* It is Mr. Gross's burden "to provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id.* at 1329.

Mr. Gross's notice of appeal refers to duress and coercion, but the record belies these assertions. In his plea agreement, he acknowledged that there was no duress or coercion, and that he was knowingly and voluntarily entering into the plea agreement generally and the appeal waiver specifically. Similarly, during the plea colloquy, he repeatedly denied that anyone had made promises or threats to him and

asserted that he was entering his plea knowingly and voluntarily. He acknowledged that he was taking certain medications, but he asserted that he understood the proceedings and was competent to enter his plea. And during the colloquy the court particularly addressed the appeal waiver, securing Mr. Gross's assurance that he was aware of the waiver and had accepted it of his own free will. On this record, there is no non-frivolous argument that the waiver was not knowing and voluntary.

Finally, we consider whether enforcing the waiver would result in a miscarriage of justice. *Id.* at 1325, 1327. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (internal quotation marks omitted). The only one of these conditions potentially applicable here is ineffective assistance of counsel. As stated above, however, any such allegations should be raised in a § 2255 proceeding. *See Porter*, 405 F.3d at 1144; *Hahn*, 359 F.3d at 1327 n.13.

For these reasons, we determine that it is "wholly frivolous" for Mr. Gross to oppose the motion to enforce in this direct appeal. *Anders*, 386 U.S. at 744. The motion to enforce is granted, without prejudice to Mr. Gross raising allegations of ineffective assistance of counsel in a 28 U.S.C. § 2255 motion. The motion to

withdraw is granted.  This matter is dismissed.

Entered for the Court
Per Curiam